Edward SCHILLING, Trustee in Bankruptcy Reorganization of North Atlantic and Gulf Steamship Company, Inc., Petitioner-Appellee,

v.

McALLISTER BROTHERS, INC., Respondent-Appellant.

No. 90, Docket 27504.

United States Court of Appeals Second Circuit.

Argued Oct. 31, 1962.

Decided Nov. 19, 1962.

See also D.C. 204 F.Supp. 899.

Milton M. Bergerman, New York City (Bergerman & Hourwich, New York City (on the brief), (Albert F. Reisman, New York City, of counsel), for trustee-appellee.

Christopher E. Heckman, New York City (Foley & Martin, New York City, on the brief), (John H. Hanrahan, and James S. Reardon, New York City, of counsel), for respondent-appellant.

Before CLARK, FRIENDLY and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York, Bryan, J., directing McAllister Brothers, Inc., to repay to the trustee of North Atlantic and Gulf Steamship Company, Inc., the sum of $4,059.05, plus interest. The order of Judge Bryan, reported at 200 F. Supp. 818 (S.D.N.Y.1962), was entered in the following circumstances. On May 23, 1958 an involuntary petition for reorganization of the North Atlantic and Gulf Steamship Company under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was filed in the United States District Court for the Southern District of New York; on June 19, 1958 the petition was approved and a trustee appointed. Between April 11 and the date of the filing of the petition, McAllister Brothers, a corporation engaged in the business of towing ocean-going vessels, had performed towing services for the debtor in connection with vessels which the latter had time-chartered. Payment in the amount of $4,059.05 for these towing services was made by the debtor to McAllister Brothers on June 9

and June 12, 1958, during the pendency of the petition for reorganization of the debtor. The trustee sought recovery of this amount on the ground that payment of an antecedent debt by a debtor during the pendency of a petition for reorganization is made invalid as against the trustee by section 70(d) (1) of the Bankruptcy Act, 11 U.S.C.A. § 110(d) (1).[1] We affirm the order of the District Court directing repayment.

The appellant, relying upon 46 U.S.C.A. § 971 and The J. W. Hennessy, 57 F.2d 77 (2 Cir. 1932), contends that the rendition of towing services to the debtor gave rise to a maritime lien against the vessels towed, and that extinguishment of the lien by a voluntary payment on the part of the debtor is not prohibited by § 70(d) (1). The trustee, relying upon the qualifications placed upon 46 U.S.C.A. § 971 by 46 U.S.C.A. § 973 and such cases as Diaz v. The S. S. Seathunder, 191 F.Supp. 807 (D.Md.1961) and American Stevedores, Inc. v. The Trajan, 118 F.Supp. 608 (E.D.N.Y.1954), denies that a lien was created. Even if we make the doubtful assumption that creation of a maritime lien was demonstrated below, the payment by which the lien was extinguished must still meet the test of having been given in exchange for "a present fair equivalent value" within the meaning of § 70(d) (1). The purpose of that section is to protect the estate of the debtor from depletion during the pendency of a petition for reorganization. When measured against that purpose, the present payment cannot be allowed to stand. The vessels to which any lien would attach under 46 U.S.C.A. § 971 were not owned by the debtor but were time-chartered. The immediate effect of a payment by the debtor extinguishing such a lien is to benefit the third-party owner of the vessels rather than the charterer, thereby reducing the assets of the debtor; there was no showing here that the debtor's estate derived any benefit equivalent to the payment. As this court pointed out in Kass v. Doyle, 275 F.2d 258 (2 Cir. 1960), a payment made by a debtor during the pendency of a petition for reorganization is protected by § 70(d) (1) only if the consideration for the payment also passes during the pendency of the petition; liquidation of an antecedent debt, because it results in a net diminution of the debtor's estate, is excluded from those transactions validated by the section. Since extinguishment of the lien that assertedly had been created here was not shown to have benefited the debtor's estate, and the only consideration for its payment moving to the debtor during the pendency of the proceeding was the discharge of a debt incurred prior to the filing of the petition, the payment was not part of a "present" exchange of the kind protected by § 70(d) (1).[2]

Affirmed.

1. "After bankruptcy and either before adjudication or before a receiver takes possession of the property of the bankrupt, whichever first occurs—

"(1) A transfer of any of the property of the bankrupt, other than real estate, made to a person acting in good faith shall be valid against the trustee if made for a present fair equivalent value or, if not made for a present fair equivalent value, then to the extent of the present consideration actually paid therefor, * * *."

2. The opinion of the District Court states that appellant performed its towing services for the debtor between April 11, 1958 and May 26, 1958. 200 F.Supp. at 819.

Because the petition for reorganization was filed on May 23, 1958, this schedule of dates would seem to leave open the possibility that payment for towing services rendered between May 23 and May 26 would be for a "present," rather than an antecedent, debt and hence could be regarded as protected under § 70(d) (1). Appellant in its brief, however, states that the towing services were rendered between April 11 and May 16; for the reasons already given, this schedule of dates would preclude the possibility that any part of the payment made by the debtor could be regarded as protected by § 70(d) (1). Because the question has not been urged upon us, we intimate no opinion on it.